UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EMILIO PADILLA,<br><br>                      Petitioner,<br>v.<br><br>JUDY P. SMITH,<br><br>                      Respondent. | Case No. 15-CV-814-JPS<br><br><br><br>ORDER |

Emilio Padilla filed a petition for a writ of habeas corpus on July 6, 2015. (Docket #1). The Court screened that petition and allowed it to proceed. (Docket #8). In doing so, the Court ordered the respondent (whom the Court will hereinafter refer to as "the State") to file either an answer or a motion seeking dismissal within 30 days. (Docket #8).

The State chose the latter option, filing a motion to dismiss Mr. Padilla's petition as untimely under 28 U.S.C. § 2244(d)(1). Mr. Padilla did not timely respond to that motion, so the Court *sua sponte* granted him an extension (Docket #14), whereafter Mr. Padilla requested and received an additional extension (Docket #15, #17). He filed his response brief on December 2, 2015. (Docket #18). The State then filed a reply. (Docket #20).

This matter is now fully briefed and comes before the Court for a decision. Having reviewed the parties' submissions, the Court finds that Mr. Padilla's petition is indeed untimely and, therefore, will grant the State's motion to dismiss.

1.     BACKGROUND

    1.1    Mr. Padilla's Conviction

In 1995, Mr. Padilla was charged in Racine County Circuit Court ("the Circuit Court") with crimes stemming from his sexual assault of a child. (*See*

Docket #12, Ex. 2 at 6–7; Docket #12, Ex. 3 at 1). On April 12, 1995, he pled guilty to two counts of first-degree sexual assault of a child, as charged against him in an information. (*See* Docket #12, Ex. 2 at 6; Docket #12, Ex. 3 at 1).

On June 22, 1995, the Circuit Court sentenced Mr. Padilla to a total of 70 years of imprisonment on the two charges against him. (Docket #12, Ex. 1). It is that June 22, 1995 judgment of conviction that Mr. Padilla challenges with the habeas petition now before the Court. (*See* Docket #1). Of course, as the Court has already mentioned, the State argues that Mr. Padilla's petition is untimely because he was sentenced so long ago (and because his multiple procedural maneuvers and the alleged failings of his counsel in his state court proceedings cannot save his petition from untimeliness). (Docket #12 at 5–10; Docket #20 at 1–4).

1.2     Mr. Padilla's Post-Conviction Proceedings

After the Circuit Court sentenced him, Mr. Padilla filed a number of documents in the state court, then took no action for more than 15 years before filing several collateral challenges to his conviction beginning in 2012. (*See* Docket #12, Ex. 2 at 1–6). Given the complexity of Mr. Padilla's state-court maneuvers, the Court summarizes them in bullet-point format:

- On June 22, 1995, the Circuit Court sentenced Mr. Padilla. (Docket #12, Ex. 2 at 6).

- On June 27, 1995, Mr. Padilla filed a "[n]otice of intent to pursue post-conviction relief." (Docket #12, Ex. 2 at 6).

- On April 15, 1996, Mr. Padilla filed a motion for post-conviction relief, which the Circuit Court later called a "Motion 'Status Quo Ante Release Order.'" (Docket #12, Ex. 2 at 6; Docket #12, Ex. 3 at 2).

- On May 21, 1996, Mr. Padilla filed another "Motion 'Status Quo Ante Release Order.'" (Docket #12, Ex. 2 at 6; Docket #12, Ex. 3 at 2).

- On May 30, 1996, the Circuit Court held a hearing at which it reviewed and denied both "Status Quo Ante Release Order" motions. (Docket #12, Ex. 2 at 6; Docket #12, Ex. 3 at 2).

- On September 30, 1996, Mr. Padilla filed an additional motion, titled "Status Quo Ante Release Order; Constructive Fraud Conviction." (Docket #12, Ex. 2 at 5; Docket #12, Ex. 3 at 2).

- On October 7, 1996, the Circuit Court denied the "Status Quo Ante Release Order; Constructive Fraud Conviction" motion by written order. (Docket #12, Ex. 3 at 2; *see also* Docket #12, Ex. 2 at 5 (listing an October 7, 1996, entry of "Letters/correspondence")).

- On September 14, 2012—nearly 16 years after the previous event in his case—Mr. Padilla filed a motion to vacate his sex offender registry fees. (Docket #12, Ex. 2 at 5; Docket #12, Ex. 3 at 2).

- On November 7, 2012, the Circuit Court held a hearing at which it denied Mr. Padilla's motion to vacate his fees. (Docket #12, Ex. 2 at 5; Docket #12, Ex. 3 at 2).

- On December 17, 2012,[1] Mr. Padilla filed a post-conviction motion, pursuant to Wis. Stat. § 974.06 ("§ 974.06 motion"), arguing that his trial counsel was ineffective in failing to move to suppress an incriminating statement Mr. Padilla had made to his probation agent. (Docket #12, Ex. 2 at 5; Docket #12, Ex. 3 at 1–2).

- On June 7, 2013, the Circuit Court—after giving the State Public Defender ("SPD") an opportunity to appoint counsel for Mr. Padilla (which the SPD declined to do) and conducting a

---

[1]The state court records seem to show that this motion was filed on December 20, 2012. (Docket #12, Ex. 2 at 5; Docket #12, Ex. 3 at 2). Mr. Padilla states that he filed the motion on December 17, 2012, "per mailbox rule." (Docket #1 at 3). Ultimately, the date of filing is irrelevant, so the Court will adopt Mr. Padilla's stated date.

>           hearing—issued a written order denying Mr. Padilla's § 974.06 motion. (Docket #12, Ex. 2 at 3–4; Docket #3, Ex. 2–3). Mr. Padilla appealed the Circuit Court's order. (Docket #12, Ex. 2 at 3).

- On June 18, 2014, the Wisconsin Court of Appeals affirmed the Circuit Court's denial of Mr. Padilla's § 974.06 motion. (Docket #12, Ex. 2 at 1; Docket #12, Ex. 4).

- On November 13, 2014, the Supreme Court of Wisconsin denied Mr. Padilla's petition for review of the Wisconsin Court of Appeals' decision. (Docket #12, Ex. 2 at 1; Docket #12, Ex. 5).

- On July 6, 2015, Mr. Padilla filed the federal habeas petition that is now under consideration. (Docket #1).

2.    ANALYSIS

The State argues that Mr. Padilla's petition is untimely. (*See, e.g.*, Docket #12). It argues that 28 U.S.C. § 2244(d)(1)'s one-year limitations period expired long ago. (Docket #12 at 4–10).

Under 28 U.S.C. § 2244(d)(1), the one-year statute of limitations on federal habeas petitions begins to run from the latest of the date:

> (1)   on which the petitioner's judgment of conviction became final by virtue of the conclusion of direct review;
>
> (2)   on which a state impediment to filing was removed;
>
> (3)   on which the Supreme Court newly recognized and made retroactive a constitutional right; or
>
> (4)   on which the petitioner could have discovered the factual predicate of his claims.

*See* 28 U.S.C. § 2244(d)(1)(A–D). The statute also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

28 U.S.C. § 2244(d)(2). The Court must apply those guidelines to Mr. Padilla's case to determine whether his petition is timely.

The Court must begin by determining when Mr. Padilla's conviction became final by conclusion of direct review under 28 U.S.C. § 2244(d)(1)(A). Mr. Padilla has not argued that a state impediment prevented him from filing this habeas petition, *see* 28 U.S.C. § 2244(d)(1)(B), nor has he identified any newly-recognized right or newly-discovered factual predicate, *see* 28 U.S.C. § 2244(d)(1)(C–D), any of which might have caused his limitations period to begin running at a later date. Rather, the record indicates that his statute of limitations period began running on the typical date: the date on which his conviction became final by conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A). Accordingly, the Court is tasked with determining *when* Mr. Padilla's conviction became final.

At the very latest, Mr. Padilla's conviction became final on October 27, 1996. Mr. Padilla filed a "[n]otice of intent to pursue post-conviction relief," but never filed notice of a direct appeal of his conviction. (*See* Docket #12, Ex. 2 at 6; Docket #12, Ex. 3 at 2). That is, in fact, the typical practice in Wisconsin's courts. *See* Wis. Stat. § 809.30(2)(h) ("The person shall file a motion for postconviction or postdisposition relief before a notice of appeal is filed unless the grounds for seeking relief are sufficiency of the evidence or issues previously raised."). But nothing happened after Mr. Padilla filed his notice of intent to pursue post-conviction relief: he did not file any additional materials, whether through counsel or *pro se*; the Circuit Court did not conduct any hearings. (*See* Docket #12, Ex. 2 at 6). Instead, nothing happened until Mr. Padilla filed his April 15, 1996, and May 21, 1996, "Status Quo Ante Release Order" motions. (*See* Docket #12, Ex. 2 at 6; Docket #12, Ex. 3 at 2). The Circuit Court held a hearing and denied those motions. (Docket

#12, Ex. 2 at 6; Docket #12, Ex. 3 at 2). Mr. Padilla filed another similar motion which, on October 7, 1996, the Circuit Court denied in a written order. (Docket #12, Ex. 2 at 6; Docket #12, Ex. 3 at 2). Because Mr. Padilla never followed up on his initial notice of intent to pursue post-conviction release, it is likely that the one-year limitations period began to run approximately one year later. But, as the State points out, even if the Court considered his three "Status Quo Ante Release Order" post-conviction motions as part of his direct appeal, then, at latest, his conviction would have become final on October 27, 1996. (*See* Docket #12 at 8). That is because the Circuit Court denied the last of those motions on October 7, 1996 (Docket #12, Ex. 2 at 6; Docket #12, Ex. 3 at 2); Mr. Padilla had 20 days to appeal that order, *see* Wis. Stat. § 809.30(2)(j), but did not (Docket #12, Ex. 2 at 6; Docket 12, Ex. 3 at 2). Therefore, his conviction became final—at latest—on October 27, 1996, which is 20 days after the last denial of his post-conviction motions. *See* 28 U.S.C. § 2244(d)(1)(A).

Mr. Padilla did not take any action in his case between October 27, 1996, and October 27, 1997 (*see* Docket #12, Ex. 2 at 6; Docket #12, Ex. 3 at 2), so his statute of limitations expired on October 27, 1997. *See* 28 U.S.C. § 2244(d)(1)(A).

Mr. Padilla's more recent Wis. Stat. § 974.06 motion, which he filed on December 17, 2012, does not change the expiration of his statute of limitations. *See Graham v. Borgen*, 483 F.3d 475 (7th Cir. 2007). In *Graham*, the Seventh Circuit held that a post-conviction motion under Wis. Stat. § 974.06 does not restart the one-year limitations period and also "d[oes] nothing to toll the federal habeas statute of limitations," where it was filed after the expiration of the limitations period. 483 F.3d at 482–83. Because Mr. Padilla's limitations period expired on October 27, 1997, his more recent Wis. Stat.

§ 974.06 motion simply has no effect on that limitations period; the limitations period remains expired and now bars the petition under review as untimely. *See, e.g.*, *Graham*, 483 F.3d at 482–83; 28 U.S.C. §§ 2244(d)(1–2).

Mr. Padilla makes several arguments against this conclusion, but they all lack merit. First, he argues that because he was convicted and sentenced before the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)'s limitation period does not apply to his petition. (Docket #18 at 1–2). He is incorrect; AEDPA applies to his petition, because the petition was filed after AEDPA was passed. *Woodford v. Garceau*, 538 U.S. 202, 207 (2003) ("an application filed after AEDPA's effective date should be reviewed under AEDPA"). Second, Mr. Padilla argues that he is entitled to equitable tolling on various bases (Docket #18 at 1–3, 5); he is not. "Under equitable tolling principles, a petitioner need not count the time during which he (1) pursues his rights diligently, and (2) 'some extraordinary circumstance stood in his way and prevented timely filing.'" *Gladney v. Pollard*, 799 F.3d 889, 894–95 (7th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Mr. Padilla argues that he was abandoned by counsel following his trial and (perhaps) that he received bad advice from a jailhouse lawyer. (Docket #18 at 1–3, 5). Even if those events constituted extraordinary circumstances that affected his filing of a habeas petition, Mr. Padilla has not diligently pursued his rights. After the conclusion of his last "Status Quo Ante" motion, he waited more than 15 years to take *any* further action in his case. It is Mr. Padilla's burden to show he is entitled to equitable tolling, *see Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013), but Mr. Padilla has not offered any explanation for that 15 year period. His (alleged) abandonment and the poor advice from a jailhouse lawyer cannot explain away 15 years of inaction. Third, Mr. Padilla makes several arguments regarding the nature

of his 1996 and 2012 post-conviction motions. (Docket #18 at 3–4). But, no matter how the Court treats those motions, Mr. Padilla's petition is still untimely. The Court treated the 1996 motions in the most favorable way for Mr. Padilla; that resulted in a finality date of October 27, 1996, and a limitations-expiration date of October 27, 1997. Regardless of the arguments that Mr. Padilla raised in his 2012 Wis. Stat. § 974.06 motion, and regardless of whether that motion was timely under Wisconsin's statutes, it had no effect on AEDPA's statute of limitations. *See Graham*, 483 F.3d at 482–83.

3. CONCLUSION

For all of these reasons, the Court is obliged to grant the state's motion and to dismiss Mr. Padilla's petition as untimely.

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. Accordingly, because the Court is dismissing Mr. Padilla's petition as untimely, the Court must determine whether Mr. Padilla is entitled to a certificate of appealability. Mr. Padilla is not entitled to a certificate of appealability unless he makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). That "substantial showing" is made only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Padilla has

raised several substantive grounds for habeas relief, which the Court has not addressed. (*See* Docket #1). However, even if those grounds adequately stated a denial of a constitutional right, no reasonable jurist could disagree with the Court's procedural ruling. Mr. Padilla's petition is clearly untimely, as he filed it more than 15 years after his conviction became final and took no action in the interim. Therefore, the Court is obliged to deny a certificate of appealability.

Finally, the Court closes with some information about the actions that Mr. Padilla may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). It should also be noted that because this court denied a certificate of appealability, Mr. Padilla must seek one from the Seventh Circuit. Fed. R. App. P. 22(b). Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review

all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

IT IS ORDERED that the State's motion to dismiss (Docket #11) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED; and

IT IS FURTHER ORDERED that a certificate of appealability be and the same is hereby DENIED.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of December, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge